**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JULIA SANCHEZ,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs** | § | **CIVIL ACTION NO. 3:18-CV-_____** |
| | § | |
| **HARD ROCK CAFÉ INTERNATIONAL** | § | |
| **(STP), INC., HARD ROCK CAFE** | § | |
| **INTERNATIONAL, and HARD** | § | |
| **ROCK CAFÉ INTERNATIONAL (S.A.),** | § | |
| **INC.,** | § | |
| | § | |
| **Defendants.** | § | |

## <u>NOTICE OF REMOVAL</u>

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW Defendant HARD ROCK CAFÉ' INTERNATIONAL (STP), INC. and files this Notice of Removal of the present action from the 95th Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division. In support of this removal, Defendant respectfully offers the court the following facts, evidence, and legal authority.

## I.
## INTRODUCTION

1.      This is a slip-and-fall case. Plaintiff assert claims of premises liability and negligence against Defendant for an incident that allegedly took place at the Hard Rock Café location on the San Antonio Riverwalk in San Antonio, Texas. Plaintiff alleges that, on or about June 18, 2016, Plaintiff "entered Defendant's restaurant located on 111 W. Crockett Street, #210, San Antonio, Texas 78205. While walking to the restroom at Defendant's restaurant, [Plaintiff] slipped and fell on an oily substance on the floor." See **Exhibit A.**

2.     On May 11, 2018, Plaintiff filed this lawsuit in the 95th Judicial District Court of Dallas County, Texas Against Defendants Hard Rock Café International (STP), Inc., Hard Rock Café International, and Hard Rock Café International (S.A.), Inc.  See **Exhibit A**.  This lawsuit was briefly transferred to the 134th Judicial District Court of Dallas County, Texas (**Exhibit C**) before being transferred back to the 95th Judicial District Court of Dallas County, Texas. (**Exhibit D**). Defendant now files this Notice of Removal because there is complete diversity of citizenship between the parties and Plaintiff alleges damages within the jurisdictional limits of this Court.

## II.
## REMOVAL IS TIMELY

3.     Defendant was served with a copy of Plaintiff's Original Petition on July 19, 2018.  See **Exhibit B**.  Pursuant to 28 U.S.C. § 1446(b)(3), Defendant now timely files this Notice of Removal within thirty (30) days after receipt of Plaintiff's Original Petition.   Additionally, Defendant is removing the case within one year of commencement of the action.  See 28 U.S.C.  § 1446(c)(1).

## III.
## GROUNDS FOR REMOVAL

4.     Removal is proper because subject-matter jurisdiction is based upon diversity of citizenship under 28 U.S.C. § 1332(a).

### A.     Amount in Controversy Exceeds $75,000.00

5.     In her petition, Plaintiff seeks "monetary relief, the maximum of which is over $1,000,000.00." See **Exhibit A**.  The amount in controversy therefore exceeds the sum or value of $75,000.00, exclusive of interest and costs, and required under 28 U.S.C. § 1332(a).

### B.     Complete Diversity of Citizenship Between Plaintiff and Defendants

6.     There is also complete diversity of citizenship between all parties to this lawsuit.  Plaintiff is alleged to be a citizen of Texas.  See **Exhibit A**.

7.     As set forth below, none of the defendants are citizens of Texas:

a.     Hard Rock Café International (STP), Inc. (Defendant herein) is a New York corporation with its principal place of business in Davey, Florida.  See 28 U.S.C. § 1332(c)(1).

b.     Hard Rock Café International, is, upon information and belief, is not an entity that existed during any time relevant to this lawsuit, if it ever did.

c.     Hard Rock Café International (S.A.), Inc. was a Texas corporation that merged with Defendant on or about December 9, 1997, as indicated by public records on file with the Texas Secretary of State's Office.

## IV.
## VENUE IS PROPER IN DALLAS

8.     Venue is proper in this Court under 28 U.S.C. § 1441(a) because this District and Division embrace the place where the removed state court action has been pending.  Specifically, the 95th Judicial District is located in the Dallas Division of the United States District Court in the Northern District of Texas.  28 U.S.C. § 1441a).

## V.
## CONSENT TO REMOVAL

9.     Defendant is the only defendant whom Plaintiff has served as of the date of this removal, and Defendant hereby consents to this removal.

## VI.

10.     As required by 28 U.S.C. § 1446(a) and Local Rule 81.1, the following documents are attached to this Notice of Removal:

**Exhibit A:**     Plaintiff's Original Petition with Attached Plaintiff's First Request for Written Discovery to Defendants

**Exhibit B:**     Services and Returns

**Exhibit C:**     Transfer Order

**Exhibit D:**     Order to Vacate

**Exhibit E:**     Notice of DWOP hearing

11.     Upon Filing this Notice of Removal, Defendant will also file its Certificate of Interested Persons, as required by Local Rules 3.1 and 3.2 and Federal Rule of Civil Procedure 7.1.

12.     On filing of this Notice of Removal, Defendant will promptly provide written notice to Plaintiff and file a copy of this Notice of Removal with the clerk of the State court where suit has been pending, as required by 28 U.S.C. § 1446(d).

13.     By filing this Notice of Removal, Defendant does not waive any legal defenses, but expressly reserves its rights to raise any and all legal defenses in subsequent pleadings in this Court.

14.     This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

## VII.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant represents it has complied with the removal statutes set forth above and, thus, this case stands removed from the 95th Judicial District Court of Dallas County, Texas to the Dallas Division of the United States District Court of the Northern District of Texas.

Respectfully Submitted,

*/s/ Michael A. Miller*
**MICHAEL A. MILLER**
State Bar No. 14100650
mmiller@tmlfpc.com

**CLARK S. BUTLER**
State Bar No. 00793437
cbutler@tmlfpc.com

The Miller Law Firm
3811 Turtle Creek Boulevard, Suite 1950
Dallas, Texas 75219
(469) 916-2552
(469) 916-2555 fax

**COUNSEL FOR DEFENDANTS**


**CERTIFICATE OF SERVICE**

I certify that true copies of Defendant's Notice of Removal were served on all known counsel of record as indicated below on the 14th day of August 2018.

**Via Electronic Filing**
Aaron A. Herbert
Marissa A. Maggio
The Law Firm of Aaron A. Herbert
8330 LBJ Freeway, Suite 700
Dallas, Texas 75243
*Counsel for Plaintiff*


*/s/ Michael A. Miller*
**MICHAEL A. MILLER**

FILED
DALLAS COUNTY
5/11/2018 4:42 PM
FELICIA PITRE
DISTRICT CLERK

3 CITS-ESERVE

CAUSE NO. _____

DC-18-06273

| | | |
|---|---|---|
| JULIA SANCHEZ | § | IN THE DISTRICT COURT |
| | § | Christi Underwood |
| | § | |
| | § | |
| | § | |
| | § | |
| V. | § | ____95____ JUDICIAL DISTRICT |
| | § | |
| HARD ROCK CAFE | § | |
| INTERNATIONAL (STP), INC.; HARD | § | |
| ROCK CAFE INTERNATIONAL ; | § | |
| HARD ROCK CAFE | § | |
| INTERNATIONAL (S.A.), INC. | § | DALLASCOUNTY,TEXAS |

---

### PLAINTIFF'S ORIGINAL PETITION WITH ATTACHED PLAINTIFF'S FIRST REQUEST FOR WRITTEN DISCOVERY TO DEFENDANTS

---

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **JULIA SANCHEZ**, Plaintiff, complaining of and against **HARD ROCK CAFE INTERNATIONAL (STP), INC.; HARD ROCK CAFE INTERNATIONAL; HARD ROCK CAFE INTERNATIONAL (S.A.) INC.,** Defendants, and for cause of action would respectfully show the following:

## I. DISCOVERY CONTROL PLAN LEVEL

1.01    Plaintiff requests that this cause be governed by a discovery control plan whereby discovery is conducted under Level II.

1.02    As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seeks monetary relief , the maximum of which is over $1,000,000.00. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiffs also seeks pre-judgment and post-judgment interest at the highest legal rate.

EXHIBIT
A

## II.  PARTIES, JURISDICTION, AND VENUE

2.01   Plaintiff is an individual residing in Dallas, Dallas County, Texas.

2.02   At all material times hereto, Defendant **HARD ROCK CAFE INTERNATIONAL (STP), INC.,** is a Foreign For-Profit Corporation,  doing business in the State of Texas.  Defendant may be served with process by serving its registered agent registered agent CT Corporation System, located at 1999 Bryan Street Ste. 900, Dallas, Texas 75201 or wherever it may be found.

2.03   At all material times hereto, Defendant **HARD ROCK CAFE INTERNATIONAL,** is a Foreign For-Profit Corporation,  doing business in the State of Texas. Defendant may be served with process by serving its registered agent registered agent CT Corporation System, located at 1999 Bryan Street Ste. 900, Dallas, Texas 75201 or wherever it may be found.

2.04   At all material times hereto, Defendant **HARD ROCK CAFE INTERNATIONAL (S.A. INC.),** is a Foreign For-Profit Corporation,  doing business in the State of Texas.  Defendant may be served with process by serving its registered agent registered agent CT Corporation System, located at 1999 Bryan Street Ste. 900, Dallas, Texas 75201 or wherever it may be found.

2.05   The Court has continuing jurisdiction over Defendants, because Defendant,  HARD ROCK CAFE INTERNATIONAL (STP), INC.; HARD ROCK CAFE INTERNATIONAL; AND HARD ROCK CAFE INTERNATIONAL (S.A.), INC. committed a tort within the State of Texas. The Court has continuing jurisdiction over Defendant HARD ROCK CAFE INTERNATIONAL (STP), INC.; HARD ROCK CAFE INTERNATIONAL; AND HARD ROCK CAFE INTERNATIONAL (S.A.), INC.,  because Defendant HARD ROCK CAFE INTERNATIONAL (STP), INC.; HARD ROCK CAFE INTERNATIONAL; AND HARD ROCK CAFE INTERNATIONAL (S.A.), INC.,  regularly conducts business in the state of Texas,

and maintains substantial and continuing contacts with the State of Texas. The Court has jurisdiction over the controversy, because the damages are within the statutory jurisdictional limits of the Court.

2.06    Venue is proper in Dallas County, Texas, because Plaintiff resided in Dallas County at the time of the accrual of the cause of action.

2.07    As to the Defendant that is an entity (partnerships, unincorporated associations, incorporated associations, or other entities), or individuals doing business under an assumed name, Plaintiff brings this suit in said Defendants' partnership, assumed or common name under Rule 28 of the Texas Rules of Civil Procedure.  Pursuant to Rule 28 of the Texas Rules of Civil Procedure, Plaintiff reserves the right to substitute the true name of said Defendants at a later time.

2.08    Whenever in this Petition it is alleged that a Defendant did or failed to do any act or thing, it is meant that such Defendant's governing body, directors, officers, agents, servants, employees, and/or representatives did or failed to do such act or thing and that at the time such conduct occurred, it occurred with authorization and/or ratification of such Defendant and/or was done in the normal and routine course and scope of employment or agency of such Defendant's governing body, directors, officers, agents, servants, employees, and/or representatives.

## III.  <u>STATEMENT OF FACTS</u>

3.01    At all material times hereto, Defendant **HARD ROCK CAFE INTERNATIONAL (STP), INC.** was the owner and/or occupier, manager, and/or in control of a store located at 111 W CROCKETT ST. #210 SAN ANTONIO, TEXAS 78205. At the time of Plaintiffs' injury, the premise was being used for the purpose of a restaurant.  The business operated by Defendants on the premises was known as Hard Rock Cafe.

3.02    At all material times hereto, Defendant **HARD ROCK CAFE INTERNATIONAL** was the owner and/or occupier, manager, and/or in control of a store located at 111 W CROCKETT ST. #210 SAN ANTONIO, TEXAS 78205. At the time of

Plaintiffs' injury, the premise was being used for the purpose of a restaurant. The business operated by Defendants on the premises was known as Hard Rock Cafe.

3.03    At all material times hereto, Defendant **HARD ROCK CAFE INTERNATIONAL (S.A.), INC.** was the owner and/or occupier, manager, and/or in control of a store located at 111 W CROCKETT ST. #210 SAN ANTONIO, TEXAS 78205. At the time of Plaintiffs' injury, the premise was being used for the purpose of a restaurant. The business operated by Defendants on the premises was known as Hard Rock Cafe.

3.04    Defendant was in control of the premises on which Plaintiffs' injuries occurred. At the time the injuries occurred, Defendant was the owner of the premises or leasing the premises, managing the premises and had the exclusive right to control the property on which Plaintiff was injured.

3.05    Plaintiff was an invitee at the time the injury occurred. Plaintiff went on Defendant's premises for the mutual benefit of herself and Defendant, and at the implied invitation of the Defendant.

3.06    At the time of the occurrence in question, Defendant had a duty to exercise ordinary care to keep the premises in reasonably safe condition, inspect the premises to discover latent defects, and to make safe any defects or give an adequate warning of any dangers.

3.05    On or about June 18, 2016, Plaintiff entered Defendant's restaurant located on 111 W CROCKETT ST. #210 SAN ANTONIO, TEXAS 78205. While walking to the restroom at Defendant's restaurant slipped and fell on an oily substance on the floor.

## IV. CAUSE OF ACTION FOR PREMISES LIABILITY

4.01    At all times material hereto, Defendants, acting through their personnel, agents and employees, created an unreasonable risk of harm on its premises of which it knew or should have known, and failed to use reasonable care to correct or warn Plaintiff of the condition. As a proximate result of Defendants negligence, Plaintiff suffered the serious personal injuries complained of herein.

## V. NEGLIGENCE AND GROSS NEGLIGENCE

5.01    Because Plaintiff was an invitee at the time of injury, Defendants owed her a duty to exercise ordinary care to keep the premises in reasonably safe condition, inspect the premises to discover latent defects, and to make safe any defects or give an adequate warning of any dangers.

5.02    Defendants conduct, and that of its agents, servants, and employees, acting within the scope of their employment, constituted a breach of the duty of ordinary care owed to Plaintiff. Defendants knew or should have known that the condition on its premises without any warning of the condition or making the condition safe for invitees, created an unreasonable risk of harm to invitees, such as Plaintiff.   Defendants failed to exercise ordinary care to reduce or eliminate this risk, or warn invitees regarding unreasonable risk of harm to invitees.   Specifically, Defendants breached their duty in one or more of the following ways:

> a.    Failing to inspect the premises on a regular basis;
>
> b.    Failing to correct or warn of the dangerous conditions;
>
> c.    Failing to remove hazardous conditions;
>
> e.    Failing to place signs or other warning devices warning invitees;
>
> f.    Failing to provide adequate instructions to invitees to avoid injury;
>
> g.    Failing to exercise reasonable care in establishing and maintaining a premise free of recognized hazards;
>
> h.    Failing to instruct or train its agents, servants, and employees to maintain a hazard free environment;
>
> i.    Failing to supervise its agents, servants, and employees to ensure the safety of invitees; and
>
> j.    Failing to adequately train its employees to follow policy and procedure.

5.03    Each of these acts and omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages.

5.04    Additionally, Plaintiff would show that the conduct of Defendants when viewed

objectively, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and of which the Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety and welfare of others, specifically including Plaintiff.

## VI.  DAMAGES

6.01     As a proximate result of Defendants negligence, Plaintiff suffered severe physical injuries. As a result of her injuries, Plaintiff has suffered the following damages:

      a.    Physical pain in the past and future;

      b.    Mental anguish in the past and future;

      c.    Lost earnings in the past and future;

      d.    Damage to earning capacity;

      e.    Physical impairment in the past and future;

      f.    Medical expenses in the past and future; and

      g.    Exemplary damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer, and that on final trial she have judgment against Defendant in a sum in excess of the minimum jurisdictional limits of the Court; prejudgment and post judgment interest as provided by law; costs of suit; and such other and further relief to which Plaintiff may be justly entitled.

## VII. JURY DEMAND

7.01     Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff hereby makes demand and application for jury trial.

## VIII. REQUEST FOR DISCLOSURE

8.01   Pursuant to Rule 194.2, Defendants are requested to disclose, within 50 days from the date of the service of this request, the information or material described in Rule 194.2 of the Texas Rules of Civil Procedure.

## IX. PRAYER

9.01   WHEREFORE, PREMISES CONSIDERED, Plaintiff **JULIA SANCHEZ**, respectfully requests that Defendants **HARD ROCK CAFE INTERNATIONAL (STP), INC.; HARD ROCK CAFE INTERNATIONAL; HARD ROCK CAFE INTERNATIONAL (S.A.) INC.,** be cited to appear and answer, and on final trial, that Plaintiff have judgment against Defendant for:

a.   Actual damages;

b.   Prejudgment and post judgment interest as allowed by law;

c.   Costs of suit;

d.   Exemplary damages; and

e.   Any further relief, either in law or equity, to which Plaintiff is justly entitled.

Respectfully submitted,

**THE LAW FIRM OF AARON A. HERBERT**

BY: _____
AARON A. HERBERT
State Bar No. 24036761
efile@texaslegaladvice.com
MARISSA A. MAGGIO
State Bar No. 00798343
efile@texaslegaladvice.com
8330 LBJ Freeway, STE 700
Dallas, Texas 75243
Phone  (214)347-4259
Fax      (214)347-4269

**ATTORNEYS FOR PLAINTIFF**

CAUSE NO. _____

| | | |
|---|---|---|
| JULIA SANCHEZ | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| | § | |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| | § | |
| HARD ROCK CAFE | § | |
| INTERNATIONAL (STP), INC.; HARD | § | |
| ROCK CAFE INTERNATIONAL ; | § | |
| HARD ROCK CAFE | § | |
| INTERNATIONAL (S.A), INC. | § | BEXAR COUNTY, TEXAS |

---

### PLAINTIFF'S FIRST REQUEST FOR WRITTEN DISCOVERY TO DEFENDANT HARD ROCK CAFE INTERNATIONAL (STP), INC.

---

**TO:**      DEFENDANT, HARD ROCK CAFE INTERNATIONAL (STP), INC. through its registered agent CT Corporation System, located at 1999 Bryan Street Ste. 900, Dallas, Texas 75201 or wherever it may be found.

COMES NOW, JULIA SANCHEZ, Plaintiff in the above styled cause of action and serves PLAINTIFFS' FIRST REQUEST FOR WRITTEN DISCOVERY TO DEFENDANT HARD ROCK CAFE INTERNATIONAL (STP), INC. as allowed by Tex.R.Civ.P. 192 through 198. Defendant must answer each request separately, fully, in writing, and under oath, within fifty (50) days after service.

Respectfully submitted,

**THE LAW FIRM OF AARON A. HERBERT**

BY: _____

AARON A. HERBERT
State Bar No. 24036761
efile@texaslegaladvice.com
MARISSA A. MAGGIO
State Bar No. 0079834324093610
efile@texaslegaladvice.com
8330 LBJ Freeway, STE 700
Dallas, Texas 75243
Phone   (214)347-4259
Fax       (214)347-4269

**ATTORNEYS FOR PLAINTIFF**

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing document has been duly served pursuant to Texas Rules of Civil Procedure on all counsel of record in this matter on 11th day of May, 2018.

_____
AARON A. HERBERT

## I.  INSTRUCTIONS

1.      For each document or other requested information that you assert is privileged or for any other reason excludable from discovery, identify that document or other requested information.  State the specific grounds for the claim of privilege or other ground for exclusion. Also, for each document, state the date of the document, the name, job title, and address of the person who prepared it; the name, address, and job title of the person to whom it was addressed or circulated or who saw it; the name, job title, and address of the person now in possession of the document; and a description of the subject matter of the document.

2.      For any requested information about a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reason(s) for the disappearance.  Also, identify each person having knowledge about the disposition or loss and identify each document evidencing the existence or nonexistence of each document that cannot be located.

## II.  DEFINITIONS

The following definitions shall have the following meanings, unless the context requires otherwise:

1.      "Plaintiff" or "JULIA SANCHEZ" means Plaintiffs, their agents, representatives, and all other persons acting in concert with her, or under her control, whether directly or indirectly, excluding her attorney.

2.      "Defendant" means "HARD ROCK CAFE INTERNATIONAL (STP), INC." Defendant, their agents, representatives, and all other persons acting in concert with them, or under their control, whether directly or indirectly, excluding their attorney.

3.      "You" or "your" means Defendant "HARD ROCK CAFE INTERNATIONAL (STP), INC."  its successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of Defendant, its successors, predecessors, divisions, and subsidiaries.

PLAINTIFF'S ORIGINAL PETITION WITH ATTACHED PLAINTIFF'S FIRST REQUEST
FOR WRITTEN DISCOVERY TO DEFENDANT                    Page 10 of 46

4.   "Document(s)" means all written, typed, or printed matter and all magnetic or other records or documentation of any kind or description (including, without limitation, letters, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, records, or notations of telephone or personal conversations, conferences, inter-office communications, E-mail, microfilm, bulletins, circulars, pamphlets, photographs, facsimiles, invoices, tape recordings, computer printouts and work sheets), including drafts and copies not identical to the originals, all photographs and graphic matter, however produced or reproduced, and all compilations of data from which information can be obtained, and any and all writings or recordings of any type or nature, in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you.

5.   "File" means any collection or group of documents maintained, held, stored, or used together, including, without limitation, all collections of documents maintained, held, or stored in folders, notebooks, or other devices for separating or organizing documents.

6.   "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

7.   "Relating to" and "relates to" mean, without limitation, embodying, mentioning, or concerning, directly or indirectly, the subject matter identified in the interrogatory.

8.   "Concerning" means, in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, and constituting.

9.   "Communication" means any oral or written communication of which the Defendant has knowledge, information, or belief.

10.   "Date" means the exact date, month, and year, if ascertainable, or, if not, the best available approximation.

11.   "Describe" or "identify," when referring to a person, means you must state the following:

    a.    The full name;

    b.    The present or last known residential address;

    c.    The present or last known residential and office telephone numbers;

    d.    The present occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular interrogatory; and

    e.    In the case of any person other than an individual, identify the officer, employee, or agent most closely connected with the subject matter of the interrogatory, and the officer who is responsible for supervising that officer or employee.

12.    "Describe" or "identify," when referring to a document, means you must state the following:

    a.    The nature (e.g., letter, handwritten note) of the document;

    b.    The title or heading that appears on the document;

    c.    The date of the document and the date of each addendum, supplement, or other addition or change;

    d.    The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered; and

    e.    The present location of the document, and the name, address, position or title, and telephone number of the person or persons having custody of the document.

13.    The word "and" means "and/or."

14.    The word "or" means "or/and."

15.    "Accident," "incident," or "collision," refers to the incident pleaded in Plaintiff's petition(s).

### III.   INTERROGATORIES

INTERROGATORY NO. 1:

Please identify the person(s) answering any of these interrogatories by giving your full name, residence, business address and occupation, and identify the office you hold for the Defendant.

ANSWER:

INTERROGATORY NO. 2:

Please describe how you believe the incident in question occurred, giving a complete description of the events and/or statements which took place immediately preceding and immediately subsequent to the incident.

ANSWER:

INTERROGATORY NO. 3:

Please describe each act or omission on the part of Plaintiff that you contend contributed in any way to Plaintiff's damages.

ANSWER:

INTERROGATORY NO. 4:

Please identify with sufficient particularity to allow Plaintiff to frame a Request for Production all rules, recommendations, policies, procedures, and any other documents that pertain to or concern in any way the design and/or maintenance of the area where the incident in question occurred at "HARD ROCK CAFE INTERNATIONAL (STP), INC." premises in Plaintiff's Original Petition.

ANSWER:

INTERROGATORY NO. 5:

If Defendant contends that it prepared instructions or warnings for Plaintiff, consumers, users, or any other persons of a dangerous condition concerning the premises, or that Plaintiff was warned or had notice of a dangerous condition on the premises, identify and describe in detail all such instructions and/or warnings.

ANSWER:

INTERROGATORY NO. 6:

For each person, including employees, who were present at the time and place of the incident in question, please identify such people and/or employees by name, address, telephone number, title, and job description.

ANSWER:

INTERROGATORY NO. 7:

Please identify the name, address, and telephone number of each witness to the incident in question.

ANSWER:

INTERROGATORY NO. 8:

If you or any agent or employee of Defendant made any examination or inspection of the location of the incident in question on the premises in the 24 hours before and after the time of the occurrence in question, please state:

(a)     the date and time of day of such examination or inspection;

(b)     the identification, including name, address and telephone number, of the person making such examination or inspection;

(c)     a description of what such examination or inspection consisted of;

(d)     a description of what such examination or inspection revealed or showed; and

(e)     a description of every act or activity done or undertaken by you or any agent or employee of Defendant as a result of any condition or circumstance disclosed by such examination or inspection.

ANSWER:

INTERROGATORY NO. 9:

If you have any information that Plaintiff made any admission or declaration against interest which in any way would tend to support your version of this case, please state:

(a)     the time and place when such admission or declaration was made;
(b)     the substance of the admission or declaration; and
(c)     the names, addresses and telephone numbers of all persons in whose presence such admission or declaration was made.

ANSWER:

INTERROGATORY NO. 10:

If you contend that Plaintiff did not fall as alleged in this action, or was not injured as alleged in this action, please state each fact on which you base your contention, identify any persons by name, address and telephone number who support this contention, and identify any documents that support this contention.

ANSWER:

INTERROGATORY NO. 11:

If you contend that Plaintiff neither knew nor should have known of the alleged condition in question, please state each fact on which you base your contention, identify any persons by name, address, and telephone number who support this contention, and identify any documents which support this contention.

ANSWER:

INTERROGATORY NO. 12:

Please state the name, address, and telephone number of the entity and/or persons who were responsible for maintaining the premises, including the specific location of the incident the basis of this suit, at the time of the incident in question.

ANSWER:

INTERROGATORY NO. 13:

State whether any entit(ies) or person(s) identified in Interrogatory No. 12 did anything to avoid the incident in question or did anything that caused or contributed to the incident in question, and if so, describe such action.

ANSWER:

INTERROGATORY NO. 14:

Please describe all incidents in which persons have been injured in store at the "HARD ROCK CAFE INTERNATIONAL (STP), INC." referenced in Plaintiff's Original Petition since 2007 by stating:

    (a)     The name of the person who allegedly fell
    (b)     The defect they alleged
    (c)     The date of the incident

INTERROGATORY NO. 15:

If you contend that "HARD ROCK CAFE INTERNATIONAL (STP), INC." did not have control of the area where the incident in question occurred please provide:

    (a)     the persons or entities you allege had custody and control of the area where the incident occurred; and

(b)     the factual basis for the allegation that such persons or entities had custody or control of the area where the incident occurred.

ANSWER:

INTERROGATORY NO. 16:

Identify any individual, entity or party who may be liable in this cause of action but not identified as a defendant in Plaintiff's original petition.

ANSWER:

INTERROGATORY NO. 16:

Please state the earliest date you anticipated that litigation would arise from the incident made the basis of this lawsuit and, with reasonable particularity, all the reasons that you anticipated that the litigation would arise.

ANSWER:

## IV. **REQUEST FOR PRODUCTION**

The items requested are as follows:

1.      All communications occurring between Plaintiff, or anyone acting on her behalf, on the one hand, and Defendant, or anyone acting on its behalf, on the other, including, but not limited to, handwritten notes of any such communication, copies of any correspondence, transcripts of tape recordings, tapes containing recordings, etc.

RESPONSE:

2.      Exact copies of each writing and document that Defendant intends to introduce at the trial of this cause.

RESPONSE:

3.      Exact copies of each writing and document received from any law enforcement or regulatory agency of the federal or state governments relating to the premises in question or subject matter of this suit [**NOTE:** This would include any civil or criminal citations, city permits, red tags, etc..]

RESPONSE:

4.      Exact copies of any demand or notice letters, documents or writings in any way referring to any claims made by, or against Plaintiff in connection with the subject matter of this suit.

RESPONSE:

5.      Exact copies of each understanding or agreement Defendant, or anyone acting on its behalf, has reached or entered into with any person or entity with respect to the occurrence out of which the above styled and numbered cause arises, or with respect to any claim Defendant has asserted, as a result of any loss or damage incurred or sustained as a consequence of such occurrence.

RESPONSE:

6.      Exact copies of claims made or suits filed, and any incident reports relating thereto, with respect to each incident where a person, including Plaintiff, fell on the floors of the premises in question.

RESPONSE:

7.      Exact copies of any incident reports relating to the incident in question.

RESPONSE:

8.      Any pictures, photographs, slides, drawings, graphs, charts, video tapes, recordings, or other visual or audio representations demonstrating, reflecting, portraying, or intended to demonstrate, illustrate or recreate the incident or condition in question.  The work product of Defendant's attorney is excluded from the Request, unless it is intended to be used as an exhibit at trial.

RESPONSE:

9.      Exact copies of all policies, procedures, or guidelines in connection with the maintenance of the seating of the premises in question.

RESPONSE:

10.     Exact copies of all documents concerning the design, construction, modification, or improvements of and to the location of the incident in question on the premises in question.

RESPONSE:

11.     Exact copies of all warnings of a dangerous condition concerning the location of the incident in question.

RESPONSE:

12.     A copy of the safety management file in effect and/or in existence at the time of the incident in question concerning the control and/or operation of the premises in question.

RESPONSE:

13.     Exact copies of all contracts between you and any entity or person responsible for the maintenance of the location of the incident in question on the premises in question.

RESPONSE:

14.     All contracts, agreements, correspondence, or other documents between Defendant, or its agents, and the persons or entities responsible for maintenance on the specific location where the incident that forms the basis of this suit occurred.

RESPONSE:

15.     Produce all documents evidencing a conviction of the Plaintiff which Defendant may use at trial, pursuant to Tex.R.Civ.Evid. 609(f).

RESPONSE:

16.     Produce all manuals, guidelines or instruction books that Defendant, or its agents, give to employees regarding the investigation and/or reporting of accidents.

RESPONSE:

17.     Any and all photographs, recordings, movies, slides, or video tapes in the care,

custody or control of you or any of your agents or representatives, depicting the plaintiff, or the incident scene.

RESPONSE:

18.    All witness statements regarding this incident in the custody or control of defendant.

RESPONSE:

19.    Copies of any surveillance movies, photos, videotapes, slides or other likeness of Plaintiff.  This request specifically requests the defendant to produce any and all such films or photos taken of the plaintiff by the defendant, the defendant's agents, servants, representatives, employees or attorneys, or at their direction at any time after the date of the incident which is the subject matter of this suit.

RESPONSE:

20.    Any and all documents and tangible things, including all tangible reports, physical models, compilations of data and other material, prepared by an expert or for an expert in anticipation of the expert's trial and deposition testimony or prepared by an expert used for consultation if prepared in anticipation of litigation or for trial when it forms a basis either in whole or in part of the opinions of an expert who is to be called as a witness.

RESPONSE:

21. A copy of insurance adjusters' pre-litigation claims file including, but not limited to, any and all correspondence, reports, memorandum, notaries, computer files, photographs, digital images, video tapes, and other documents pertaining to the following:

    (a)    Insurance's investigation of the loss;

    (b)    Insurance's negotiations with Plaintiff or his/her representatives;

    (c)    Insurance's evaluation of Plaintiff's claim;

    (d)    Insurance's correspondence with the Defendant(s), the Plaintiff, and/or any of their representatives;

    (e)    Notes or reports of oral conversations with Plaintiff, the Defendant(s), and/or any of their representatives by representatives of Farmers;

    (f)    Inter office communications within Traveler pertaining to the Plaintiff's claim;

    (g)    Recorded statements of the Plaintiff, the Defendant(s), or any witness(es) which have not been produced in response to requests for disclosure;

    (h)    Any and all phone logs documented or recorded by the Defendant(s) or agents of Insurance's pertaining to the subject incident.

    (i)    A printout of the pre-litigation computer claim log for the subject incident;

    (j)    Any and all medical records for medical services incurred as a result of the subject incident by the Defendant(s) which are in the custody or control of the Defendant, his representatives, and insurance carrier;

     (k)     A copy any and all Index Bureau information inquiries regarding claims made by the Plaintiff; and

     (l)     A copy any and all ISO Claim Search, SIU Case Manager, and Append-DS documents and information inquiries regarding claims made by the Plaintiff.

RESPONSE:

22. If you are asserting a privilege as to any interrogatory or request for production propounded in this lawsuit, request is made that a withholding statement be filed pursuant to TRCP § 193.3(b).

NOTE: Plaintiff requests that the Defendant identify with reasonable particularity a description of the documents or information withheld, the number of documents, and the privilege that you claim properly precludes the information from being discovered for all material and information within its/his/her possession, custody or control as defined in Rule 192.7(a)(b), Texas Rules of Civil Procedure, which were withheld under claims of privilege. Specifically do the following:

     (a)     Detail the privilege asserted;

     (b)     Provide the title of the document(s) upon which the privilege is asserted:

     (c)     Provide the general substance of the document(s) upon which you claim there is a privilege;

     (d)     Identify the location and custodian of the document(s);

     (e)     State a brief description of why, in your view, the privilege shields the document from discovery; and

     (f)     Bates stamp the documents upon which you claim there is a privilege for in camera inspection at a later hearing.

RESPONSE:

CAUSE NO. _____

| | | |
|---|---|---|
| JULIA SANCHEZ | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| | § | |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| | § | |
| HARD ROCK CAFE | § | |
| INTERNATIONAL (STP), INC.; HARD | § | |
| ROCK CAFE INTERNATIONAL ; | § | |
| HARD ROCK CAFE | § | |
| INTERNATIONAL (S.A), INC. | § | BEXAR COUNTY, TEXAS |

---

## PLAINTIFF'S FIRST REQUEST FOR WRITTEN DISCOVERY TO DEFENDANT HARD ROCK CAFE INTERNATIONAL

---

**TO:**      DEFENDANT, HARD ROCK CAFE INTERNATIONAL through its registered agent CT Corporation System, located at 1999 Bryan Street Ste. 900, Dallas, Texas 75201   or wherever it may be found.

COMES NOW, JULIA SANCHEZ, Plaintiff in the above styled cause of action and serves

PLAINTIFFS' FIRST REQUEST FOR WRITTEN DISCOVERY TO DEFENDANT

HARD ROCK CAFE INTERNATIONAL as allowed by Tex.R.Civ.P. 192 through 198.

Defendant must answer each request separately, fully, in writing, and under oath, within fifty

(50) days after service.

Respectfully submitted,

THE LAW FIRM OF AARON A. HERBERT

BY: _____

AARON A. HERBERT
State Bar No. 24036761
efile@texaslegaladvice.com
MARISSA A. MAGGIO
State Bar No. 0079834324093610
efile@texaslegaladvice.com
8330 LBJ Freeway, STE 700
Dallas, Texas 75243
Phone   (214)347-4259
Fax      (214)347-4269

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been duly served pursuant to Texas Rules of Civil Procedure on all counsel of record in this matter on 11th day of May, 2018.

_____

AARON A. HERBERT

## II. INSTRUCTIONS

1.      For each document or other requested information that you assert is privileged or for any other reason excludable from discovery, identify that document or other requested information.  State the specific grounds for the claim of privilege or other ground for exclusion.  Also, for each document, state the date of the document, the name, job title, and address of the person who prepared it; the name, address, and job title of the person to whom it was addressed or circulated or who saw it; the name, job title, and address of the person now in possession of the document; and a description of the subject matter of the document.

2.      For any requested information about a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reason(s) for the disappearance.  Also, identify each person having knowledge about the disposition or loss and identify each document evidencing the existence or nonexistence of each document that cannot be located.

## II. DEFINITIONS

The following definitions shall have the following meanings, unless the context requires otherwise:

1.      "Plaintiff" or "JULIA SANCHEZ" means Plaintiffs, their agents, representatives, and all other persons acting in concert with her, or under her control, whether directly or indirectly, excluding her attorney.

2.      "Defendant" means "HARD ROCK CAFE INTERNATIONAL" Defendant, their agents, representatives, and all other persons acting in concert with them, or under their control, whether directly or indirectly, excluding their attorney.

3.      "You" or "your" means Defendant "HARD ROCK CAFE INTERNATIONAL" its successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of Defendant, its successors, predecessors, divisions, and subsidiaries.

4.      "Document(s)" means all written, typed, or printed matter and all magnetic or other records or documentation of any kind or description (including, without limitation, letters, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, records, or notations of telephone or personal conversations, conferences, inter-office communications, E-mail, microfilm, bulletins, circulars, pamphlets, photographs, facsimiles, invoices, tape recordings, computer printouts and work sheets), including drafts and copies not identical to the originals, all photographs and graphic matter, however produced or reproduced, and all compilations of data from which information can be obtained, and any and all writings or recordings of any type or nature, in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you.

5.      "File" means any collection or group of documents maintained, held, stored, or used together, including, without limitation, all collections of documents maintained, held, or stored in folders, notebooks, or other devices for separating or organizing documents.

6.      "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

7.      "Relating to" and "relates to" mean, without limitation, embodying, mentioning, or concerning, directly or indirectly, the subject matter identified in the interrogatory.

8.      "Concerning" means, in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, and constituting.

9.      "Communication" means any oral or written communication of which the Defendant has knowledge, information, or belief.

10.     "Date" means the exact date, month, and year, if ascertainable, or, if not, the best available approximation.

11.     "Describe" or "identify," when referring to a person, means you must state the following:

a.     The full name;

b.     The present or last known residential address;

c.     The present or last known residential and office telephone numbers;

d.     The present occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular interrogatory; and

e.     In the case of any person other than an individual, identify the officer, employee, or agent most closely connected with the subject matter of the interrogatory, and the officer who is responsible for supervising that officer or employee.

12.     "Describe" or "identify," when referring to a document, means you must state the following:

a.     The nature (e.g., letter, handwritten note) of the document;

b.     The title or heading that appears on the document;

c.     The date of the document and the date of each addendum, supplement, or other addition or change;

d.     The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered; and

e.     The present location of the document, and the name, address, position or title, and telephone number of the person or persons having custody of the document.

13.     The word "and" means "and/or."

14.     The word "or" means "or/and."

15.     "Accident," "incident," or "collision," refers to the incident pleaded in Plaintiff's petition(s).

## III.   INTERROGATORIES

INTERROGATORY NO. 1:

Please identify the person(s) answering any of these interrogatories by giving your full name, residence, business address and occupation, and identify the office you hold for the Defendant.

ANSWER:

INTERROGATORY NO. 2:

Please describe how you believe the incident in question occurred, giving a complete description of the events and/or statements which took place immediately preceding and immediately subsequent to the incident.

ANSWER:

INTERROGATORY NO. 3:

Please describe each act or omission on the part of Plaintiff that you contend contributed in any way to Plaintiff's damages.

ANSWER:

INTERROGATORY NO. 4:

Please identify with sufficient particularity to allow Plaintiff to frame a Request for Production all rules, recommendations, policies, procedures, and any other documents that pertain to or concern in any way the design and/or maintenance of the area where the incident in question occurred at "HARD ROCK CAFE INTERNATIONAL" premises in Plaintiff's Original Petition.

ANSWER:

INTERROGATORY NO. 5:

If Defendant contends that it prepared instructions or warnings for Plaintiff, consumers, users, or any other persons of a dangerous condition concerning the premises, or that Plaintiff was warned or had notice of a dangerous condition on the premises, identify and describe in detail all such instructions and/or warnings.

ANSWER:

INTERROGATORY NO. 6:

For each person, including employees, who were present at the time and place of the incident in question, please identify such people and/or employees by name, address, telephone number, title, and job description.

ANSWER:

PLAINTIFF'S ORIGINAL PETITION WITH ATTACHED PLAINTIFF'S FIRST REQUEST
FOR WRITTEN DISCOVERY TO DEFENDANT                      Page 26 of 46

INTERROGATORY NO. 7:

Please identify the name, address, and telephone number of each witness to the incident in question.

ANSWER:

INTERROGATORY NO. 8:

If you or any agent or employee of Defendant made any examination or inspection of the location of the incident in question on the premises in the 24 hours before and after the time of the occurrence in question, please state:

(a)     the date and time of day of such examination or inspection;

(b)     the identification, including name, address and telephone number, of the person making such examination or inspection;

(c)     a description of what such examination or inspection consisted of;

(d)     a description of what such examination or inspection revealed or showed; and

(e)     a description of every act or activity done or undertaken by you or any agent or employee of Defendant as a result of any condition or circumstance disclosed by such examination or inspection.

ANSWER:

INTERROGATORY NO. 9:

If you have any information that Plaintiff made any admission or declaration against interest which in any way would tend to support your version of this case, please state:

(a)     the time and place when such admission or declaration was made;
(b)     the substance of the admission or declaration; and
(c)     the names, addresses and telephone numbers of all persons in whose presence such admission or declaration was made.

ANSWER:

INTERROGATORY NO. 10:

If you contend that Plaintiff did not fall as alleged in this action, or was not injured as alleged in this action, please state each fact on which you base your contention, identify any persons by name, address and telephone number who support this contention, and identify any documents that support this contention.

ANSWER:

PLAINTIFF'S ORIGINAL PETITION WITH ATTACHED PLAINTIFF'S FIRST REQUEST
FOR WRITTEN DISCOVERY TO DEFENDANT                    Page 27 of 46

INTERROGATORY NO. 11:

If you contend that Plaintiff neither knew nor should have known of the alleged condition in question, please state each fact on which you base your contention, identify any persons by name, address, and telephone number who support this contention, and identify any documents which support this contention.

ANSWER:

INTERROGATORY NO. 12:

Please state the name, address, and telephone number of the entity and/or persons who were responsible for maintaining the premises, including the specific location of the incident the basis of this suit, at the time of the incident in question.

ANSWER:


INTERROGATORY NO. 13:

State whether any entit(ies) or person(s) identified in Interrogatory No. 12 did anything to avoid the incident in question or did anything that caused or contributed to the incident in question, and if so, describe such action.

ANSWER:


INTERROGATORY NO. 14:

Please describe all incidents in which persons have been injured in store at the "HARD ROCK CAFE INTERNATIONAL" referenced in Plaintiff's Original Petition since 2007 by stating:

    (a)    The name of the person who allegedly fell
    (b)    The defect they alleged
    (c)    The date of the incident

INTERROGATORY NO. 15:

If you contend that "HARD ROCK CAFE INTERNATIONAL" did not have control of the area where the incident in question occurred please provide:

    (c)    the persons or entities you allege had custody and control of the area where the incident occurred; and
    (d)    the factual basis for the allegation that such persons or entities had custody or control of the area where the incident occurred.

ANSWER:

INTERROGATORY NO. 16:

Identify any individual, entity or party who may be liable in this cause of action but not identified as a defendant in Plaintiff's original petition.

ANSWER:

INTERROGATORY NO. 16:

Please state the earliest date you anticipated that litigation would arise from the incident made the basis of this lawsuit and, with reasonable particularity, all the reasons that you anticipated that the litigation would arise.

ANSWER:

## IV. <u>REQUEST FOR PRODUCTION</u>

The items requested are as follows:

1.      All communications occurring between Plaintiff, or anyone acting on her behalf, on the one hand, and Defendant, or anyone acting on its behalf, on the other, including, but not limited to, handwritten notes of any such communication, copies of any correspondence, transcripts of tape recordings, tapes containing recordings, etc.

RESPONSE:

2.      Exact copies of each writing and document that Defendant intends to introduce at the trial of this cause.

RESPONSE:

3.      Exact copies of each writing and document received from any law enforcement or regulatory agency of the federal or state governments relating to the premises in question or subject matter of this suit [**NOTE:** This would include any civil or criminal citations, city permits, red tags, etc..]

RESPONSE:

4.      Exact copies of any demand or notice letters, documents or writings in any way referring to any claims made by, or against Plaintiff in connection with the subject matter of this suit.

RESPONSE:

5.      Exact copies of each understanding or agreement Defendant, or anyone acting on its behalf, has reached or entered into with any person or entity with respect to the occurrence out of which the above styled and numbered cause arises, or with respect to any claim Defendant has asserted, as a result of any loss or damage incurred or sustained as a consequence of such occurrence.

RESPONSE:

6.      Exact copies of claims made or suits filed, and any incident reports relating thereto, with respect to each incident where a person, including Plaintiff, fell on the floors of the premises in question.

RESPONSE:

7.      Exact copies of any incident reports relating to the incident in question.

RESPONSE:

8.      Any pictures, photographs, slides, drawings, graphs, charts, video tapes, recordings, or other visual or audio representations demonstrating, reflecting, portraying, or intended to demonstrate, illustrate or recreate the incident or condition in question.  The work product of

Defendant's attorney is excluded from the Request, unless it is intended to be used as an exhibit at trial.

RESPONSE:

9.      Exact copies of all policies, procedures, or guidelines in connection with the maintenance of the seating of the premises in question.

RESPONSE:

10.     Exact copies of all documents concerning the design, construction, modification, or improvements of and to the location of the incident in question on the premises in question.

RESPONSE:

11.     Exact copies of all warnings of a dangerous condition concerning the location of the incident in question.

RESPONSE:

12.     A copy of the safety management file in effect and/or in existence at the time of the incident in question concerning the control and/or operation of the premises in question.

RESPONSE:

13.     Exact copies of all contracts between you and any entity or person responsible for the maintenance of the location of the incident in question on the premises in question.

RESPONSE:

14.     All contracts, agreements, correspondence, or other documents between Defendant, or its agents, and the persons or entities responsible for maintenance on the specific location where the incident that forms the basis of this suit occurred.

RESPONSE:

15.     Produce all documents evidencing a conviction of the Plaintiff which Defendant may use at trial, pursuant to Tex.R.Civ.Evid. 609(f).

RESPONSE:

16.     Produce all manuals, guidelines or instruction books that Defendant, or its agents, give to employees regarding the investigation and/or reporting of accidents.

RESPONSE:

19.     Any and all photographs, recordings, movies, slides, or video tapes in the care, custody or control of you or any of your agents or representatives, depicting the plaintiff, or the incident scene.

RESPONSE:

PLAINTIFF'S ORIGINAL PETITION WITH ATTACHED PLAINTIFF'S FIRST REQUEST
FOR WRITTEN DISCOVERY TO DEFENDANT                    Page 31 of 46

20.    All witness statements regarding this incident in the custody or control of defendant.

RESPONSE:

19.    Copies of any surveillance movies, photos, videotapes, slides or other likeness of Plaintiff.  This request specifically requests the defendant to produce any and all such films or photos taken of the plaintiff by the defendant, the defendant's agents, servants, representatives, employees or attorneys, or at their direction at any time after the date of the incident which is the subject matter of this suit.

RESPONSE:

23.    Any and all documents and tangible things, including all tangible reports, physical models, compilations of data and other material, prepared by an expert or for an expert in anticipation of the expert's trial and deposition testimony or prepared by an expert used for consultation if prepared in anticipation of litigation or for trial when it forms a basis either in whole or in part of the opinions of an expert who is to be called as a witness.

RESPONSE:

24. A copy of insurance adjusters' pre-litigation claims file including, but not limited to, any and all correspondence, reports, memorandum, notaries, computer files, photographs, digital images, video tapes, and other documents pertaining to the following:

    (a)    Insurance's investigation of the loss;
    (b)    Insurance's negotiations with Plaintiff or his/her representatives;
    (c)    Insurance's evaluation of Plaintiff's claim;
    (d)    Insurance's correspondence with the Defendant(s), the Plaintiff, and/or any of their representatives;
    (e)    Notes or reports of oral conversations with Plaintiff, the Defendant(s), and/or any of their representatives by representatives of Farmers;
    (f)    Inter office communications within Traveler pertaining to the Plaintiff's claim;
    (g)    Recorded statements of the Plaintiff, the Defendant(s), or any witness(es) which have not been produced in response to requests for disclosure;
    (h)    Any and all phone logs documented or recorded by the Defendant(s) or agents of Insurance's pertaining to the subject incident.
    (i)    A printout of the pre-litigation computer claim log for the subject incident;
    (j)    Any and all medical records for medical services incurred as a result of the subject incident by the Defendant(s) which are in the custody or control of the Defendant, his representatives, and insurance carrier;
    (k)    A copy any and all Index Bureau information inquiries regarding claims made by the Plaintiff; and
    (l)    A copy any and all ISO Claim Search, SIU Case Manager, and Append-DS documents and information inquiries regarding claims made by the Plaintiff.

RESPONSE:

25. If you are asserting a privilege as to any interrogatory or request for production propounded in this lawsuit, request is made that a withholding statement be filed pursuant to TRCP § 193.3(b).

NOTE: Plaintiff requests that the Defendant identify with reasonable particularity a description of the documents or information withheld, the number of documents, and the privilege that you claim properly precludes the information from being discovered for all material and information within its/his/her possession, custody or control as defined in Rule 192.7(a)(b), Texas Rules of Civil Procedure, which were withheld under claims of privilege. Specifically do the following:

     (a)    Detail the privilege asserted;

     (b)    Provide the title of the document(s) upon which the privilege is asserted:

     (c)    Provide the general substance of the document(s) upon which you claim there is a privilege;

     (d)    Identify the location and custodian of the document(s);

     (e)    State a brief description of why, in your view, the privilege shields the document from discovery; and

     (f)    Bates stamp the documents upon which you claim there is a privilege for in camera inspection at a later hearing.

RESPONSE:

CAUSE NO. _____

| | | |
|---|---|---|
| JULIA SANCHEZ | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| | § | |
| | § | |
| V. | § | \_\_\_\_\_ JUDICIAL DISTRICT |
| | § | |
| | § | |
| HARD ROCK CAFE | § | |
| INTERNATIONAL (STP), INC.; HARD | § | |
| ROCK CAFE INTERNATIONAL ; | § | |
| HARD ROCK CAFE | § | |
| INTERNATIONAL (S.A), INC. | § | BEXAR COUNTY, TEXAS |

---

### PLAINTIFF'S FIRST REQUEST FOR WRITTEN DISCOVERY TO DEFENDANT HARD ROCK CAFE INTERNATIONAL (S.A.) INC.

---

**TO:**     DEFENDANT, HARD ROCK CAFE INTERNATIONAL (S.A.) INC., through its registered agent CT Corporation System, located at 1999 Bryan Street Ste. 900, Dallas, Texas 75201 or wherever it may be found.

COMES NOW, JULIA SANCHEZ, Plaintiff in the above styled cause of action and serves PLAINTIFFS' FIRST REQUEST FOR WRITTEN DISCOVERY TO DEFENDANT HARD ROCK CAFE INTERNATIONAL (S.A.) INC., as allowed by Tex.R.Civ.P. 192 through 198. Defendant must answer each request separately, fully, in writing, and under oath, within fifty (50) days after service.

Respectfully submitted,

**THE LAW FIRM OF AARON A. HERBERT**

BY: _____

AARON A. HERBERT
State Bar No. 24036761
efile@texaslegaladvice.com
MARISSA A. MAGGIO
State Bar No. 0079834324093610
efile@texaslegaladvice.com
8330 LBJ Freeway, STE 700
Dallas, Texas 75243
Phone   (214)347-4259
Fax       (214)347-4269

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been duly served pursuant to Texas Rules of Civil Procedure on all counsel of record in this matter on 11th day of May, 2018.

_____
AARON A. HERBERT

## III. INSTRUCTIONS

1.      For each document or other requested information that you assert is privileged or for any other reason excludable from discovery, identify that document or other requested information.  State the specific grounds for the claim of privilege or other ground for exclusion. Also, for each document, state the date of the document, the name, job title, and address of the person who prepared it; the name, address, and job title of the person to whom it was addressed or circulated or who saw it; the name, job title, and address of the person now in possession of the document; and a description of the subject matter of the document.

2.      For any requested information about a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reason(s) for the disappearance.  Also, identify each person having knowledge about the disposition or loss and identify each document evidencing the existence or nonexistence of each document that cannot be located.

## II.  DEFINITIONS

The following definitions shall have the following meanings, unless the context requires otherwise:

1.      "Plaintiff" or "JULIA SANCHEZ" means Plaintiffs, their agents, representatives, and all other persons acting in concert with her, or under her control, whether directly or indirectly, excluding her attorney.

2.      "Defendant" means "HARD ROCK CAFE INTERNATIONAL (S.A.) INC." Defendant, their agents, representatives, and all other persons acting in concert with them, or under their control, whether directly or indirectly, excluding their attorney.

3.      "You" or "your" means Defendant "HARD ROCK CAFE INTERNATIONAL (S.A.) INC." its successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of Defendant, its successors, predecessors, divisions, and subsidiaries.

4.      "Document(s)" means all written, typed, or printed matter and all magnetic or other records or documentation of any kind or description (including, without limitation, letters, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, records, or notations of telephone or personal conversations, conferences, inter-office communications, E-mail, microfilm, bulletins, circulars, pamphlets, photographs, facsimiles, invoices, tape recordings, computer printouts and work sheets), including drafts and copies not identical to the originals, all photographs and graphic matter, however produced or reproduced, and all compilations of data from which information can be obtained, and any and all writings or recordings of any type or nature, in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you.

5.      "File" means any collection or group of documents maintained, held, stored, or used together, including, without limitation, all collections of documents maintained, held, or stored in folders, notebooks, or other devices for separating or organizing documents.

6.      "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

7.      "Relating to" and "relates to" mean, without limitation, embodying, mentioning, or concerning, directly or indirectly, the subject matter identified in the interrogatory.

8.      "Concerning" means, in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, and constituting.

9.      "Communication" means any oral or written communication of which the Defendant has knowledge, information, or belief.

10.     "Date" means the exact date, month, and year, if ascertainable, or, if not, the best available approximation.

11.    "Describe" or "identify," when referring to a person, means you must state the following:

    a.    The full name;

    b.    The present or last known residential address;

    c.    The present or last known residential and office telephone numbers;

    d.    The present occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular interrogatory; and

    e.    In the case of any person other than an individual, identify the officer, employee, or agent most closely connected with the subject matter of the interrogatory, and the officer who is responsible for supervising that officer or employee.

12.    "Describe" or "identify," when referring to a document, means you must state the following:

    a.    The nature (e.g., letter, handwritten note) of the document;

    b.    The title or heading that appears on the document;

    c.    The date of the document and the date of each addendum, supplement, or other addition or change;

    d.    The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered; and

    e.    The present location of the document, and the name, address, position or title, and telephone number of the person or persons having custody of the document.

13.    The word "and" means "and/or."

14.    The word "or" means "or/and."

15.    "Accident," "incident," or "collision," refers to the incident pleaded in Plaintiff's petition(s).

PLAINTIFF'S ORIGINAL PETITION WITH ATTACHED PLAINTIFF'S FIRST REQUEST
FOR WRITTEN DISCOVERY TO DEFENDANT                    Page 38 of 46

### III.   INTERROGATORIES

INTERROGATORY NO. 1:

Please identify the person(s) answering any of these interrogatories by giving your full name, residence, business address and occupation, and identify the office you hold for the Defendant.

ANSWER:

INTERROGATORY NO. 2:

Please describe how you believe the incident in question occurred, giving a complete description of the events and/or statements which took place immediately preceding and immediately subsequent to the incident.

ANSWER:

INTERROGATORY NO. 3:

Please describe each act or omission on the part of Plaintiff that you contend contributed in any way to Plaintiff's damages.

ANSWER:

INTERROGATORY NO. 4:

Please identify with sufficient particularity to allow Plaintiff to frame a Request for Production all rules, recommendations, policies, procedures, and any other documents that pertain to or concern in any way the design and/or maintenance of the area where the incident in question occurred at "HARD ROCK CAFE INTERNATIONAL (S.A.) INC." premises in Plaintiff's Original Petition.

ANSWER:

INTERROGATORY NO. 5:

If Defendant contends that it prepared instructions or warnings for Plaintiff, consumers, users, or any other persons of a dangerous condition concerning the premises, or that Plaintiff was warned or had notice of a dangerous condition on the premises, identify and describe in detail all such instructions and/or warnings.

ANSWER:

INTERROGATORY NO. 6:

For each person, including employees, who were present at the time and place of the incident in question, please identify such people and/or employees by name, address, telephone number, title, and job description.

PLAINTIFF'S ORIGINAL PETITION WITH ATTACHED PLAINTIFF'S FIRST REQUEST
FOR WRITTEN DISCOVERY TO DEFENDANT                                Page 39 of 46

ANSWER:

INTERROGATORY NO. 7:

Please identify the name, address, and telephone number of each witness to the incident in question.

ANSWER:

INTERROGATORY NO. 8:

If you or any agent or employee of Defendant made any examination or inspection of the location of the incident in question on the premises in the 24 hours before and after the time of the occurrence in question, please state:

(a)    the date and time of day of such examination or inspection;

(b)    the identification, including name, address and telephone number, of the person making such examination or inspection;

(c)    a description of what such examination or inspection consisted of;

(d)    a description of what such examination or inspection revealed or showed; and

(e)    a description of every act or activity done or undertaken by you or any agent or employee of Defendant as a result of any condition or circumstance disclosed by such examination or inspection.

ANSWER:

INTERROGATORY NO. 9:

If you have any information that Plaintiff made any admission or declaration against interest which in any way would tend to support your version of this case, please state:

(a)    the time and place when such admission or declaration was made;
(b)    the substance of the admission or declaration; and
(c)    the names, addresses and telephone numbers of all persons in whose presence such admission or declaration was made.

ANSWER:

INTERROGATORY NO. 10:

If you contend that Plaintiff did not fall as alleged in this action, or was not injured as alleged in this action, please state each fact on which you base your contention, identify any persons by name, address and telephone number who support this contention, and identify any documents that support this contention.

PLAINTIFF'S ORIGINAL PETITION WITH ATTACHED PLAINTIFF'S FIRST REQUEST
FOR WRITTEN DISCOVERY TO DEFENDANT                    Page 40 of 46

ANSWER:

INTERROGATORY NO. 11:

If you contend that Plaintiff neither knew nor should have known of the alleged condition in question, please state each fact on which you base your contention, identify any persons by name, address, and telephone number who support this contention, and identify any documents which support this contention.

ANSWER:

INTERROGATORY NO. 12:

Please state the name, address, and telephone number of the entity and/or persons who were responsible for maintaining the premises, including the specific location of the incident the basis of this suit, at the time of the incident in question.

ANSWER:

INTERROGATORY NO. 13:

State whether any entit(ies) or person(s) identified in Interrogatory No. 12 did anything to avoid the incident in question or did anything that caused or contributed to the incident in question, and if so, describe such action.

ANSWER:

INTERROGATORY NO. 14:

Please describe all incidents in which persons have been injured in store at the "HARD ROCK CAFE INTERNATIONAL (S.A.) INC." referenced in Plaintiff's Original Petition since 2007 by stating:

(a)     The name of the person who allegedly fell
(b)     The defect they alleged
(c)     The date of the incident

INTERROGATORY NO. 15:

If you contend that "HARD ROCK CAFE INTERNATIONAL (S.A.) INC. " did not have control of the area where the incident in question occurred please provide:

PLAINTIFF'S ORIGINAL PETITION WITH ATTACHED PLAINTIFF'S FIRST REQUEST
FOR WRITTEN DISCOVERY TO DEFENDANT                    Page 41 of 46

(e)   the persons or entities you allege had custody and control of the area where the incident occurred; and

(f)   the factual basis for the allegation that such persons or entities had custody or control of the area where the incident occurred.

ANSWER:


INTERROGATORY NO. 16:

Identify any individual, entity or party who may be liable in this cause of action but not identified as a defendant in Plaintiff's original petition.

ANSWER:

INTERROGATORY NO. 16:

Please state the earliest date you anticipated that litigation would arise from the incident made the basis of this lawsuit and, with reasonable particularity, all the reasons that you anticipated that the litigation would arise.

ANSWER:

## IV. <u>REQUEST FOR PRODUCTION</u>

The items requested are as follows:

1.     All communications occurring between Plaintiff, or anyone acting on her behalf, on the one hand, and Defendant, or anyone acting on its behalf, on the other, including, but not limited to, handwritten notes of any such communication, copies of any correspondence, transcripts of tape recordings, tapes containing recordings, etc.

RESPONSE:

2.     Exact copies of each writing and document that Defendant intends to introduce at the trial of this cause.

RESPONSE:

3.     Exact copies of each writing and document received from any law enforcement or regulatory agency of the federal or state governments relating to the premises in question or subject matter of this suit [**NOTE:** This would include any civil or criminal citations, city permits, red tags, etc..]

RESPONSE:

4.     Exact copies of any demand or notice letters, documents or writings in any way referring to any claims made by, or against Plaintiff in connection with the subject matter of this suit.
RESPONSE:

5.     Exact copies of each understanding or agreement Defendant, or anyone acting on its behalf, has reached or entered into with any person or entity with respect to the occurrence out of which the above styled and numbered cause arises, or with respect to any claim Defendant has asserted, as a result of any loss or damage incurred or sustained as a consequence of such occurrence.

RESPONSE:

6.     Exact copies of claims made or suits filed, and any incident reports relating thereto, with respect to each incident where a person, including Plaintiff, fell on the floors of the premises in question.

RESPONSE:

7.     Exact copies of any incident reports relating to the incident in question.

PLAINTIFF'S ORIGINAL PETITION WITH ATTACHED PLAINTIFF'S FIRST REQUEST
FOR WRITTEN DISCOVERY TO DEFENDANT                    Page 43 of 46

RESPONSE:

8.      Any pictures, photographs, slides, drawings, graphs, charts, video tapes, recordings, or other visual or audio representations demonstrating, reflecting, portraying, or intended to demonstrate, illustrate or recreate the incident or condition in question. The work product of Defendant's attorney is excluded from the Request, unless it is intended to be used as an exhibit at trial.

RESPONSE:

9.      Exact copies of all policies, procedures, or guidelines in connection with the maintenance of the seating of the premises in question.

RESPONSE:

10.     Exact copies of all documents concerning the design, construction, modification, or improvements of and to the location of the incident in question on the premises in question.

RESPONSE:

11.     Exact copies of all warnings of a dangerous condition concerning the location of the incident in question.

RESPONSE:

12.     A copy of the safety management file in effect and/or in existence at the time of the incident in question concerning the control and/or operation of the premises in question.

RESPONSE:

13.     Exact copies of all contracts between you and any entity or person responsible for the maintenance of the location of the incident in question on the premises in question.

RESPONSE:

14.     All contracts, agreements, correspondence, or other documents between Defendant, or its agents, and the persons or entities responsible for maintenance on the specific location where the incident that forms the basis of this suit occurred.

RESPONSE:

15.     Produce all documents evidencing a conviction of the Plaintiff which Defendant may use at trial, pursuant to Tex.R.Civ.Evid. 609(f).

RESPONSE:

16.     Produce all manuals, guidelines or instruction books that Defendant, or its agents, give to employees regarding the investigation and/or reporting of accidents.

RESPONSE:

21.     Any and all photographs, recordings, movies, slides, or video tapes in the care, custody or control of you or any of your agents or representatives, depicting the plaintiff, or the incident scene.

RESPONSE:

22.     All witness statements regarding this incident in the custody or control of defendant.

RESPONSE:

19.     Copies of any surveillance movies, photos, videotapes, slides or other likeness of Plaintiff.  This request specifically requests the defendant to produce any and all such films or photos taken of the plaintiff by the defendant, the defendant's agents, servants, representatives, employees or attorneys, or at their direction at any time after the date of the incident which is the subject matter of this suit.

RESPONSE:

26.     Any and all documents and tangible things, including all tangible reports, physical models, compilations of data and other material, prepared by an expert or for an expert in anticipation of the expert's trial and deposition testimony or prepared by an expert used for consultation if prepared in anticipation of litigation or for trial when it forms a basis either in whole or in part of the opinions of an expert who is to be called as a witness.

RESPONSE:

27. A copy of insurance adjusters' pre-litigation claims file including, but not limited to, any and all correspondence, reports, memorandum, notaries, computer files, photographs, digital images, video tapes, and other documents pertaining to the following:

(a)     Insurance's investigation of the loss;
(b)     Insurance's negotiations with Plaintiff or his/her representatives;
(c)     Insurance's evaluation of Plaintiff's claim;
(d)     Insurance's correspondence with the Defendant(s), the Plaintiff, and/or any of their representatives;
(e)     Notes or reports of oral conversations with Plaintiff, the Defendant(s), and/or any of their representatives by representatives of Farmers;
(f)     Inter office communications within Traveler pertaining to the Plaintiff's claim;
(g)     Recorded statements of the Plaintiff, the Defendant(s), or any witness(es) which have not been produced in response to requests for disclosure;
(h)     Any and all phone logs documented or recorded by the Defendant(s) or agents of Insurance's pertaining to the subject incident.
(i)     A printout of the pre-litigation computer claim log for the subject incident;

(j) Any and all medical records for medical services incurred as a result of the subject incident by the Defendant(s) which are in the custody or control of the Defendant, his representatives, and insurance carrier;

(k) A copy any and all Index Bureau information inquiries regarding claims made by the Plaintiff; and

(l) A copy any and all ISO Claim Search, SIU Case Manager, and Append-DS documents and information inquiries regarding claims made by the Plaintiff.

RESPONSE:

28. If you are asserting a privilege as to any interrogatory or request for production propounded in this lawsuit, request is made that a withholding statement be filed pursuant to TRCP § 193.3(b).

NOTE: Plaintiff requests that the Defendant identify with reasonable particularity a description of the documents or information withheld, the number of documents, and the privilege that you claim properly precludes the information from being discovered for all material and information within its/his/her possession, custody or control as defined in Rule 192.7(a)(b), Texas Rules of Civil Procedure, which were withheld under claims of privilege. Specifically do the following:

(a) Detail the privilege asserted;

(b) Provide the title of the document(s) upon which the privilege is asserted:

(c) Provide the general substance of the document(s) upon which you claim there is a privilege;

(d) Identify the location and custodian of the document(s);

(e) State a brief description of why, in your view, the privilege shields the document from discovery; and

(f) Bates stamp the documents upon which you claim there is a privilege for in camera inspection at a later hearing.

RESPONSE:

FORM NO. 353-3 - CITATION
## THE STATE OF TEXAS

To:  HARD ROCK CAFÉ INTERNATIONAL (STP), INC.
BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN ST STE 900
DALLAS, TEXAS 75201

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written
answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty   days after you were served this citation and petition, a default judgment may be
taken against you.  Your answer should be addressed to the clerk of the **95th District Court** at 600
Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **JULIA SANCHEZ**

Filed in said Court **11th day of May, 2018** against

**HARD ROCK CAFE INTERNATIONAL, (STP), INC. ET AL**

For Suit, said suit being numbered **DC-18-06273,** the nature of which demand is as follows:
Suit on **PROPERTY** etc. as shown on said petition **FIRST REQUEST FOR WRITTEN DISCOVERY**,
a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 18th day of July, 2018.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
    SPRINGE MCKINLEY



| ESERVE |
| --- |
| CITATION |
| DC-18-06273 |

JULIA SANCHEZ
vs.
HARD ROCK INTERNATIONAL (STP),
INC., et al

ISSUED THIS
18th day of July, 2018

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  SPRINGE MCKINLEY, Deputy

**Attorney for Plaintiff**
AARON A HERBERT
efile@texaslegaladvice.com
THE LAW FIRM OF AARON A
HERBERT PC
8330  LBJ FREEWAY
SUITE 700
DALLAS TX  75243
214-347-4259



DALLAS COUNTY
SERVICE FEES
NOT PAID



EXHIBIT
B

# OFFICER'S RETURN

Case No. : DC-18-06273

Court No.95th District Court

Style: JULIA SANCHEZ

vs.

HARD ROCK INTERNATIONAL (STP), INC., et al

Came to hand on the _____ day of _____, 20_____, at _____ o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____ day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |  |  |
|---|---|---|---|---|
| For serving Citation | $_____ | _____ | | |
| For mileage | $_____ | of_____County, _____ | | |
| For Notary | $_____ | By_____Deputy | | |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:   HARD ROCK CAFÉ INTERNATIONAL
      BY SERVING ITS REGISTERED AGENT, C.T. CORPORATION SYSTEM
      1999 BRYAN ST STE 900
      DALLAS, TEXAS  75201

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written
answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty  days after you were served this citation and  petition, a default judgment may be
taken against you.  Your answer should be addressed to the clerk of the **95th District Court** at 600
Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **JULIA SANCHEZ**

Filed in said Court **11th day of May, 2018** against

**HARD ROCK CAFE INTERNATIONAL, (STP), INC. ET AL**

For Suit, said suit being numbered **DC-18-06273**, the nature of which demand is as follows:
Suit on **PROPERTY** etc. as shown on said petition **FIRST REQUEST FOR WRITTEN DISCOVERY**,
a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 18th day of July, 2018.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas



By_____, Deputy
     SPRINGE MCKINLEY

---

**ESERVE**

CITATION

DC-18-06273

JULIA SANCHEZ
vs.
HARD ROCK INTERNATIONAL (STP),
INC., et al

ISSUED THIS
**18th day of July, 2018**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  SPRINGE MCKINLEY, Deputy

**Attorney for Plaintiff**
AARON A HERBERT
efile@texaslegaladvice.com
THE LAW FIRM OF AARON A
HERBERT PC
8330  LBJ FREEWAY
SUITE 700
DALLAS TX  75243
214-347-4259

DALLAS COUNTY
SERVICE FEES
NOT PAID

# OFFICER'S RETURN

Case No. : DC-18-06273

Court No.95th District Court

Style: JULIA SANCHEZ

vs.

HARD ROCK INTERNATIONAL (STP), INC., et al

Came to hand on the _____day of _____, 20_____ , at _____ o'clock_____.M. Executed at _____ ,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____ ,

20_____ , by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ . | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____.

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:   **HARD ROCK CAFÉ INTERNATIONAL (S.A.), INC.**
      **BY SERVING ITS REGISTERED AGENT, C.T. CORPORATION SYSTEM**
      **1999 BRYAN ST STE 900**
      **DALLAS, TEXAS  75201**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty   days after you were served this citation and petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **95th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **JULIA SANCHEZ**

Filed in said Court  **11th day of May, 2018** against

**HARD ROCK CAFE INTERNATIONAL, (STP), INC. ET AL**

For Suit, said suit being numbered **DC-18-06273,** the nature of which demand is as follows:
Suit on **PROPERTY** etc. as shown on said petition **FIRST REQUEST FOR WRITTEN DISCOVERY**, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 18th day of July, 2018.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
      SPRINGE MCKINLEY



---

**ESERVE**

CITATION

DC-18-06273

**JULIA SANCHEZ**
vs.
**HARD ROCK INTERNATIONAL (STP), INC., et al**

ISSUED THIS
18th day of July, 2018

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  SPRINGE MCKINLEY, Deputy

**Attorney for Plaintiff**
AARON A HERBERT
efile@texaslegaladvice.com
THE LAW FIRM OF AARON A
HERBERT PC
8330  LBJ  FREEWAY
SUITE 700
DALLAS TX  75243
214-347-4259

---

DALLAS COUNTY
SERVICE FEES
NOT PAID

# OFFICER'S RETURN

Case No. : DC-18-06273

Court No.95th District Court

Style: JULIA SANCHEZ

vs.

HARD ROCK INTERNATIONAL (STP), INC., et al

Came to hand on the _____day of _____, 20_____, at _____ o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____.M. on the _____day of_____,

20_____, by delivering to the within named

_____

_____

each, in person. a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

| | | | |
|---|---|---|---|
| For serving Citation | $_____ | _____ | |
| For mileage | $_____ | of_____County. _____ | |
| For Notary | $_____ | By_____Deputy | |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____.

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

FILED
DALLAS COUNTY
7/23/2018 11:53 AM
FELICIA PITRE
DISTRICT CLERK

Gay Lane

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:   HARD ROCK CAFÉ INTERNATIONAL (STP), INC.
      BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM
      1999 BRYAN ST STE 900
      DALLAS, TEXAS 75201

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **95th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **JULIA SANCHEZ**

Filed in said Court **11th day of May, 2018** against

**HARD ROCK CAFE INTERNATIONAL, (STP), INC. ET AL**

For Suit, said suit being numbered <u>DC-18-06273,</u> the nature of which demand is as follows:
Suit on **PROPERTY** etc. as shown on said petition **FIRST REQUEST FOR WRITTEN DISCOVERY,** a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas,
Given under my hand and the Seal of said Court at office this 18th day of July, 2018.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas

By_____, Deputy
    SPRINGE MCKINLEY



| | **ESERVE** |
|---|---|
| | CITATION |
| | DC-18-06273 |

JULIA SANCHEZ
vs.
HARD ROCK INTERNATIONAL (STP), INC., et al

ISSUED THIS
18th day of July, 2018

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: SPRINGE MCKINLEY, Deputy

**Attorney for Plaintiff**
AARON A HERBERT
efile@texaslegaladvice.com
THE LAW FIRM OF AARON A
HERBERT PC
8330 LBJ FREEWAY
SUITE 700
DALLAS TX 75243
214-347-4259

**DALLAS COUNTY
SERVICE FEES
NOT PAID**

## OFFICER'S RETURN

Case No. : DC-18-06273

Court No. 95th District Court

Style: JULIA SANCHEZ

vs.

HARD ROCK INTERNATIONAL (STP), INC., et al

Came to hand on the _18th_ day of _July_ , 20 _18_ , at _1200_ o'clock _P_ .M. Executed at _Dallas, TX 75201_  1999 Bryan St #900

within the County of _Dallas_ at _200_ o'clock _P_ .M. on the _19th_ day of _July_

20 _18_ , by delivering to the within named

_Hard Rock Cafe International (STP) Inc by hand delivering to CT Corp - Reg Agent - Antionette Williams_

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:   To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $ 75 | |
| For mileage | $ 0 | of _Dallas_ County, _Texas_ |
| For Notary | $ 0 | By _Melanie Wright_ Deputy |

Melanie Wright
PSC~13690
Exp: 01-31-2020

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _Melanie Wright_ before me this _20th_ day of _July_ , 20 _08_

to certify which witness my hand and seal of office.

_Heather L Bork_

Notary Public _Dallas_ County _TX_

HEATHER L. BORK
Notary Public, State of Texas
Comm. Expires 03-14-2021
Notary ID 129367186

FILED
DALLAS COUNTY
7/23/2018 11:54 AM
FELICIA PITRE
DISTRICT CLERK

Gay Lane

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:   **HARD ROCK CAFÉ INTERNATIONAL (S.A.), INC.**
      **BY SERVING ITS REGISTERED AGENT, C.T. CORPORATION SYSTEM**
      **1999 BRYAN ST STE 900**
      **DALLAS, TEXAS 75201**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written
answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty  days after you were served this citation and  petition, a default judgment may be
taken against you.  Your answer should be addressed to the clerk of the **95th District Court** at 600
Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **JULIA SANCHEZ**

Filed in said Court **11th day of May, 2018** against

**HARD ROCK CAFE INTERNATIONAL, (STP), INC. ET AL**

For Suit, said suit being numbered **DC-18-06273,** the nature of which demand is as follows:
Suit on **PROPERTY** etc. as shown on said petition **FIRST REQUEST FOR WRITTEN DISCOVERY**,
a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 18th day of July, 2018.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
     SPRINGE MCKINLEY



---

**ESERVE**

**CITATION**

**DC-18-06273**

**JULIA SANCHEZ**
**vs.**
**HARD ROCK INTERNATIONAL (STP),**
**INC., et al**

**ISSUED THIS**
**18th day of July, 2018**

**FELICIA PITRE**
Clerk District Courts,
Dallas County, Texas

By:  SPRINGE MCKINLEY, Deputy

**Attorney for Plaintiff**
**AARON A HERBERT**
efile@texaslegaladvice.com
THE LAW FIRM OF AARON A
HERBERT PC
8330  LBJ  FREEWAY
SUITE 700
DALLAS TX  75243
214-347-4259

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

## OFFICER'S RETURN

Case No. : DC-18-06273

Court No.95th District Court

Style: JULIA SANCHEZ

vs.

HARD ROCK INTERNATIONAL (STP), INC., et al

Came to hand on the _18th_ day of _July_, 20 _18_, at _1200_ o'clock _P_ .M. Executed at _999 Bryan St #900 Dallas, TX 75201_

within the County of _Dallas_ at _206_ o'clock _P_ .M. on the _19th_ day of _July_

20 _18_, by delivering to the within named

_Hard Rock Cafe International (S.A.) Inc by hand delivering to CT Corp - Reg Agent - Antionette Williams_

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:   To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $ 75 | |
| For mileage | $ O | of _Dallas_ County, _TX_ |
| For Notary | $ O | By _Melanie Wright_ Deputy |

Melanie Wright
PSC-13690
Exp: 01-31-2020

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _Melanie Wright_ before me this _20th_ day of _July_, 20 _18_

to certify which witness my hand and seal of office.

HEATHER L. BORK
Notary Public, State of Texas
Comm. Expires 03-14-2021
Notary ID 129357166

_Heath L Bork_
Notary Public _Dallas_ County _TX_

FILED
DALLAS COUNTY
7/23/2018 11:56 AM
FELICIA PITRE
DISTRICT CLERK

Gay Lane

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:   **HARD ROCK CAFÉ INTERNATIONAL**
      **BY SERVING ITS REGISTERED AGENT, C.T. CORPORATION SYSTEM**
      **1999 BRYAN ST STE 900**
      **DALLAS, TEXAS  75201**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **95th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **JULIA SANCHEZ**

Filed in said Court **11th day of May, 2018** against

**HARD ROCK CAFE INTERNATIONAL, (STP), INC. ET AL**

For Suit, said suit being numbered <u>**DC-18-06273,**</u> the nature of which demand is as follows:
Suit on **PROPERTY** etc. as shown on said petition **FIRST REQUEST FOR WRITTEN DISCOVERY**, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 18th day of July, 2018.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
       SPRINGE MCKINLEY

---

| ESERVE |
| --- |

CITATION

DC-18-06273

**JULIA SANCHEZ**
vs.
**HARD ROCK INTERNATIONAL (STP), INC., et al**

ISSUED THIS
18th day of July, 2018

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  SPRINGE MCKINLEY, Deputy

**Attorney for Plaintiff**
AARON A HERBERT
efile@texaslegaladvice.com
THE LAW FIRM OF AARON A
HERBERT PC
8330  LBJ FREEWAY
SUITE 700
DALLAS TX  75243
214-347-4259

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

**OFFICER'S RETURN**

Case No. : DC-18-06273

Court No.95th District Court

Style: JULIA SANCHEZ

vs.

HARD ROCK INTERNATIONAL (STP), INC., et al

Came to hand on the _18th_ day of _July_ , 20 _18_ , at _1200_ o'clock _P_ .M. Executed at _1999 Bryan St #900_ _Dallas, TX 75201_

within the County of _Dallas_ at _206_ o'clock _P_ .M. on the _19th_ day of _July_ ,

20 _18_ , by delivering to the within named

_Hard Rock Cafe International by hand delivering to_
_CT Corp - Reg Agent - Antionette Williams_

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|                        |        |                                   |                                   |
|------------------------|--------|-----------------------------------|-----------------------------------|
| For serving Citation   | $ _75_ |                                   | Melanie Wright                    |
| For mileage            | $ _0_  | of _Dallas_ County, _Texas_       | PSC~13690                         |
| For Notary             | $ _0_  | By _Melanie Wright_ Deputy        | Exp: 01-31-2020                   |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _Melanie Wright_ before me this _20th_ day of _July_ , 20 _18_ ,

to certify which witness my hand and seal of office.

_Heath A Bork_

Notary Public _Dallas_ County _TX_

HEATHER L. BORK
Notary Public, State of Texas
Comm. Expires 03-14-2021
Notary ID 129357186

Cause No. DC-18-06273-D

| | | |
|---|---|---|
| JULIA SANCHEZ | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | |
| | § | |
| HARD ROCK CAFE | § | DALLAS COUNTY, TEXAS |
| INTERNATIONAL (STP), INC.; HARD | § | |
| ROCK CAFE INTERNATIONAL; | § | |
| HARD ROCK CAFE | § | |
| INTERNATIONAL (S.A.), INC. | § | 95th DISTRICT COURT |

## TRANSFER ORDER

In accordance with Local Rule 1.12, it is hereby ordered that Cause No. DC-18-06273-D,

styled *Julia Sanchez v. Hard Rock Cafe International (STP), Inc., et al.,* is hereby transferred to the

134th Judicial District Court as a replacement for Cause No. DC-18-06158-G, styled *Greg Gutman*

*v. Richard Wayne Wells, et al.* This cause was transferred to the referring court and did not result

in a consolidation. This case is transferred in accordance with Dallas County Local Rule 1.12.

SIGNED this 31 day of July, 2018.

_____
KEN MOLBERG
Judge, 95th District Court

TRANSFER ORDER - Solo Page

EXHIBIT

C



Cause No. DC-18-06273-D

| | | |
|---|---|---|
| JULIA SANCHEZ, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | DALLAS COUNTY, TEXAS |
| | § | |
| HARD ROCK INTERNATIONAL (STP), | § | |
| INC., ET AL., | § | |
| | § | |
| Defendants. | § | 95th JUDICIAL DISTRICT |

## ORDER TO VACATE

The Court vacates its Order of July 31, 2018, transferring the above-referenced cause to the

134th District Court.

The clerk is hereby directed to transfer the above-referenced cause of action back to the 95th

District Court.

SIGNED this 6th day of August, 2018.

_____

KEN MOLBERG

**Judge, 95th District Court**



ORDER TO VACATE - Solo Page



**JUDGE DALE TILLERY PRESIDING**
134TH JUDICIAL DISTRICT COURT
600 Commerce St., 6th Floor, Room 650
Dallas, Texas 75202-4606
214/653-7546 -- 134th Ct. Clerk
214/653-6995 -- Ct. Coordinator
fly@dallascourts.org

August 06, 2018

AARON A HERBERT
THE LAW FIRM OF AARON A HERBERT PC
8330 LBJ FREEWAY
SUITE 700
DALLAS TX 75243

Re:   JULIA SANCHEZ vs. HARD ROCK INTERNATIONAL (STP), INC., et al
        DC-18-06273

All Counsel of Record/Pro Se Litigants:

Pursuant to Rule 165A of the Texas Rules of Civil procedure, and the inherent power of the Court, the above case is set for dismissal on:

                **September 14, 2018 at 10:00 AM**

If **NO ANSWER** has been filed you are expected to have moved for a default judgment on or prior to the above stated date. Failure to move for a default judgment will result in the dismissal of the case on the above date.

If you have been unable to obtain service of process and you wish to retain the case on the docket, you must appear on the above date, unless you have obtained a new setting from the court coordinator.

Sincerely,

DALE TILLERY
Presiding Judge

DBT/fll
pc: AARON A HERBERT

ALL PARTIES MUST BE COPIED ON ALL WRITTEN COMMUNICATION TO THE COURT.

